84,116-01,02,03

CAUSE NO.S. 12CR-145, 12CR-146, 12CR-147

EXPARTE
RODERICK CREAG SR.
VS
THE STATE OF TEXAS

IN THE 349th Judicial
DISTRICT COURT OF
HOUSTON COUNTY, TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

NOV 09 2015

Abel Acosta, Clerk

APPLICANT'S OBJECTION TO THE STATE'S
FORWARDING OF APPLICANT'S 11.07 MOTIVE
T.C.C.A.

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Applicant Roderick Creag Sr. pro. se, by way of objection to the October 27, 2015, Forwarding of Applicant's 11.07 writ of Habeas Corpus's under the above writ number-s to the T.C.C.A, For the Following reasons:

I

Applicant asserts that in according with Exparte M-aldonado 688 sw2d 114, 116 (Tex Crim App 1995) That he has alleged Facts which if true would entitle Applicant to relief under cause numbers 12CR-145, 12CR-146 and 12CR-147 to support Applicant's multiple allegations consisting of:

(1) A denial of effective assistance of counsel on Appeal due to Appellate counsel's Failure to challenge the Legal F-actual sufficiency of the evidence and also in regards to a Legal and Factual sufficiency of the evidence on the id-entification of Applicant as being the person who comm-itted this crime.

2) Applicant also alleged allegations of ineffective assist-ance of counsel on trial counsel due to counsel's Failure to object to inadmissible hearsay testimony, Failure to question prospective venire person, Failure to object to Autopsy photographs, Failure to object to the testimony of Dr. Stash and a Failure to File a motion for an instructed verdict.

II

The State has committed a reversable error in the Light of Exparte Jones 367 sw3d.696 (Tex App Texarkana 2012) which the

(1)

Court in Jones stated that Jones Application for writ of habeas corpus was summarily denied by the trial court in written order that made no recitation either that Jones was "manifestly" entitled to no relief or that the Application was Frivolous (at 697) The trial court also entered into the record no Finding of Facts and conclusion of Law. A Requirement in cases where the court has not summarily denied an Application as Frivolous. Because the record does not reveal either that the trial court's order indicates Jones Application was denied as Frivolous or Alternatively, that Findings of Fact and conclusions of Fact and Law were enter, we must reverse the denial and remand this matter for Further proceedings consistent with this opinion.

## III

Ex Parte Torres 943 Sw 2d 469, 474 (Tex Crim App 1997) the court in Torres stated that we believe that A Final disposition of an initial writ of habeas corpus] must entail A disposition relations relating to the merits should be labeled "denials while dispositions unrelated to the merit should be Labeled dismissals, but Regardless of the Label given to a previous disposition, we will look to the substance of that disposition to determine whether a subsequent writ is barred by § 4. A disposition is related to the merits if it decides the merits or makes a determination that the merits of the Applicant's claims can never be decided.

## PRAYER

Applicant pray that this court would adhere to Ex Parte Jones And Ex Parte Torres as cited in this motion and Reverse and remand said Application back to the District court with a order to enter a Findings of Facts and conclusion of Law.

## CERTIFICATE OF SERVICE

I, Applicant Roderick Creag Sr., state and vary that the Foregoing is true and correct and Free of perjury.

(2)

Executed on this date 11/04/2015 ,

Roderick D. Creag Sr. #1877473
RODERICK CREAG SR.
TDCJ-ID #1877473
Robertson Unit
12071 FM 3522
Abilene, Texas 79601

(3)